RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL ARCELAY DE LA ROSA, Intervener.

Nos. 117, 118, 119, and 120. Argued February 26, 1947.—Decided March 5, 1947.

*Luis Negrón Fernández, Acting Attorney General, Carlos Santana Becerra,* and *Elmer Toro Lucchetti, Assistant Attorneys General,* for petitioner. *F. Fernández Cuyar* for intervener, complainant in the main proceeding.

Mr. Justice Snyder delivered the opinion of the Court.

This is an income tax deficiency case in which the Tax Court decided some points in favor of the Treasurer, and some in favor of the taxpayer. The Tax Court ordered the Treasurer to file a computation in accordance with its decision. The Treasurer, although he had not yet filed a computation, filed a petition for certiorari in this court, which we granted, to review the rulings of the Tax Court adverse to the Treasurer on jurisdiction and on one substantive item. The case is now before us on a motion by the taxpayer to dismiss on the ground that the petition for certiorari, having been filed before the Treasurer filed a computation, was premature.

We have heretofore held that whenever a decision is wholly adverse to a taxpayer, or as here partially adverse to a taxpayer, a new computation must be filed before we can act. It is only when the decision is wholly adverse to the Treasurer that no new computation is needed for the Treasurer to invoke our jurisdiction. *Island Needlework, Inc.* v. *Tax Court,* 65 P.R.R. 681; *Treasurer* v. *Tax Court,* 66

P.R.R. 847. The Treasurer is apparently of the view that these cases were incorrectly decided as supplied to a petition for certiorari filed by the Treasurer.

The Treasurer argues that the purpose of Rule 29 of the Tax Court, which requires a computation before a decision is final, is to enable a taxpayer to pay under protest in order to invoke the jurisdiction of this court; and that since the Treasurer can come here without any such payment, a computation is not a condition precedent for the filing of a petition by the Treasurer in this court.

The difficulty is that if we treat a decision as final despite the lack of a computation for purposes of review at the instance of the Treasurer, the result would be that in a case as here where the decision is partially favorable to each side, the decision would be final for one party and not for the other. But orderly procedure requires that in the ordinary case the decision be final at the same time for all parties. Moreover, if we permitted the Treasurer to proceed here for review of the portion of the decision with which he disagrees without filing a computation, the taxpayer would be left dangling: he could not ask for review by us of the remaining portion of the decision to which he objected because of the lack of a computation; or, if he wished to acquiesce and pay immediately in order to stop the running of interest, he would be unable to do so without a computation.

We do not agree with the contention of the Treasurer that Rule 29 should not apply to the Treasurer because if it is made applicable it will enable him, by delaying the filing of the computation, to fix the jurisdictional period within which he as a party may file a petition for certiorari. Rule 29 provides for a limited period within which the Treasurer must file the computation. It is the duty of the Tax Court to see that the Treasurer files it within that period or any reasonable extension thereof.

We wish to emphasize once more, however, that the provision of Rule 29 that a decision is not final until a computa-

tion is filed, should not be used to try issues foreign to the question of settling the computation. The hearing on the computation, if any takes place, should be confined to a mathematical dispute. The parties must be made to understand that they cannot litigate piecemeal. They must present their entire case originally. The hearing on the computation must be confined to that issue alone, and cannot be utilized as a device to relitigate issues which were or should have been presented to the Tax Court at the hearing on the merits. *González Padín Co., Inc.* v. *Tax Court*, 66 P.R.R. 909. If either party wishes at that time to raise an issue which should have been litigated in the proceeding itself, the Tax Court should refuse to entertain it, except pursuant to a motion to vacate the decision and to hold a new hearing with suitable amendment of the pleadings. And the Tax Court should grant such a motion rarely and only for the most substantial reasons.

The Treasurer also argues that filing a computation would be equivalent to execution of the decision, and would make his subsequent petition for certiorari academic. We do not agree. The primary purpose of the computation as already indicated is to make the decision final in order to enable the taxpayer to pay or to petition for certiorari. Consequently, the filing of the computation can in no way interfere with the right of the Treasurer to obtain a review by this court of that portion of the decision with which he disagrees. Even if the taxpayer proceeds to pay all or part of the entire tax pursuant to the computation, this court will not be precluded from ordering further payments if we subsequently sustain the position of the Treasurer.

The motion of the taxpayer to dismiss this proceeding as premature will be granted.